UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCIA BROWNLOW,<br><br>        Plaintiff,<br><br>   v.<br><br>CASTLE CREDIT CO HOLDINGS, LLC,<br>and JOHN DOES 1-10,<br><br>        Defendants. | Case No.  1:22-cv-06982<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

**NOW COMES** Marcia Brownlow ("Plaintiff"), by and through the undersigned counsel, complaining of Castle Credit Co. Holdings, LLC ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, Invasion of Privacy ("IOP"), Trespass to Chattels ("TTC"), and Intentional Infliction of Emotional Distress ("IIED"), for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case arises under the TCPA, a federal statute. Supplemental jurisdiction exists for the state claims pursuant to 28 U.S.C. §1367.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as Defendant has a principal place of business in this district.

**PARTIES**

4. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Glendal, Arizona.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a consumer finance company that offers financing programs for home improvements, including competitive programs for purifiers, filtration systems and similar products. Defendant's principal office located at 200 S. Michigan Avenue, Suite 450 in Chicago, Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. JOHN DOES 1-10 are third party vendors/agents that Defendant engages to collect past due balances owed to Defendant. The identities of JOHN DOES 1-10 are unknown to Plaintiff at this time and will be ascertained through discovery.

9. At all times relevant, Defendant had an agency relationship with JOHN DOES 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of JOHN DOES 1-10 (as the agents) and JOHN DOES 1-10 (as the agents) had the authority to act on behalf of Defendant. Accordingly, Defendant, as the principal of JOHN DOES 1-10, is liable for the acts of its agents John Does 1-10.

**FACTS SUPPORTING CAUSES OF ACTION**

10. Prior to the conduct giving rise to this cause of action, Plaintiff incurred utility services resulting in a past due balance ("subject debt").

11. In or around 2012 or 2013, Plaintiff moved from the home the utility was installed in and unfortunately was unable to complete her payments and defaulted on the subject debt.

12. Sometime thereafter, a judgment was entered against the Plaintiff due to the default on the subject debt.

13. As a result of the judgment, Plaintiff's wages were garnished and the subject debt was ultimately paid off, with the last garnishment payment being made approximately two (2) to three (3) years ago.

14. In or around late 2021, Plaintiff began receiving collection calls from Defendant to her cellular telephone ending in 5234, in an attempt to collect on the subject debt.

15. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 5234.

16. In or around August 2022, Plaintiff was suffering with COVID-19 and became frustrated with the harassing nature of the collection calls while she was battling with the illness and answered a call from the Defendant.

17. During this call, Plaintiff requested that Defendant cease its collection calls as the subject debt had already been paid in full through the garnishment.

18. Despite Plaintiff's request that the collection calls cease, Defendant continued its harassing collection calls to Plaintiff's cellular phone.

19. In some of the calls that Plaintiff did not answer, Defendant would leave prerecorded voicemail messages on Plaintiff's cellular phone requesting a call back.

20. Frustrated again with the volume of calls Plaintiff was receiving on a debt that was no longer owed, Plaintiff again answered another call from Defendant on November 14, 2022, and requested that Defendant stop calling her.

21. Plaintiff had no choice but to submit to Defendant's harassing collection calls.

22. From August 2022 through the present, Defendant placed numerous artificial and/or prerecorded calls to Plaintiff's cellular phone after Plaintiff initially requested that the collection calls cease.

23. Upon information and belief, all the aforementioned calls were placed by John Does 1-10 on behalf of Defendant.

24. It was clear to Plaintiff that all of Defendants' phone calls utilized an artificial and/or prerecorded voice ("robocalls") as (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) the voice in the voicemails and the greeting in answered calls was monotone and was conspicuously not the voice of a live representative; (4) the caller never identified themselves by name; (5) none of Defendant's voicemails identified by name the intended recipient of the call; and (6) all voicemails directed Plaintiff to call the same number (call center) to speak to an unidentified representative.

25. All of Defendant's robocalls were placed from the phone number (773) 494-8859.

26. Defendant's incessant robocalls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies

unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

27. Moreover, each time Defendant placed a robocall to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

28. Due to Defendant's refusal to honor Plaintiff's request to cease contact with her, Plaintiff was forced to retain counsel and file this action to compel Defendant to cease its unlawful robocalls.

29. In total, Defendant placed or caused to be placed numerous harassing text messages to Plaintiff's cellular telephone from August 2022 through the present day.

## DAMAGES

30. Defendant's harassing and abusive phone calls have disrupted Plaintiff's daily life and general well-being.

31. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant text messages, aggravation that accompanies unsolicited teletext

messages, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

32. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I:
## Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020).

35. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

36. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

37. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

38. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 30 non-emergency calls to Plaintiff's cellular telephone utilizing an ATDS and/or artificial or prerecorded voice without Plaintiff's consent.

39. As pled above, Plaintiff revoked consent to be called on her cellular phone during answered calls.

40. As pled above, Plaintiff was harmed by Defendant's collection calls to her cellular phone.

41. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

42. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

43. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

44. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

45. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

a. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

b. an award of $500.00 in damages to Plaintiff

c. an award of treble damages up to $1,500.00 to Plaintiff; and

d. an award of such other relief as this Arbitrator deems just and proper.

## COUNT II
### Invasion of Privacy by Intrusion Upon Seclusion

46. All preceding Paragraphs are expressly adopted and incorporated herein as though fully set forth herein.

47. Generally, to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a Plaintiff must show that another has intentionally intruded, physically or otherwise, upon the Plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person.

48. Defendant's intrusive collection calls to Plaintiff in such excess were an intentional intrusion upon the Plaintiff's seclusion or solitude.

49. The intrusive unwanted phone calls would be considered offensive by a reasonable person as no reasonable person would tolerate harassing collection calls after they have requested that the calls cease.

50. A reasonable person would find such calls to be highly offensive.

**WHEREFORE**, Plaintiff, requests the following relief:

    a. A finding that Defendant's invaded Plaintiff's privacy by intrusion upon seclusion;

    b. Entry of judgment in Plaintiff's favor and against Defendant for invasion of privacy;

    c. An award of actual damages; and

    d. An award of punitive damages.

## COUNT III:
### Trespass to Chattels

51. All preceding Paragraphs are expressly adopted and incorporated herein as though fully set forth herein.

52. Generally, to establish a cause of action in trespass to a chattel there must be an intentional interference with the possession or physical condition of a chattel in possession of another.

53. Defendant intentionally interfered with the physical condition of Plaintiff's cellular phone by causing it to repeatedly ring, therefore temporarily impairing the phone's physical condition.

54. Moreover, as set forth above, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular telephone while her phone was ringing.

55. As set forth above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, requests the following relief:

    a. A finding that Defendant trespassed on Plaintiff's chattel (cellular phone);

    b. Entry of judgment in Plaintiff's favor and against Defendant for trespass to chattels;

    c. An award of actual damages; and

    d. An award of punitive damages.

## COUNT IV:
### Intentional Infliction of Emotional Distress

56. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

57. Generally, liability for the tort of intentional infliction of emotional distress may be found only where the conduct has been so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

58. Defendant's comprehensive conduct in placing relentless unending collection calls and ignoring Plaintiff's request that the collection calls cease goes beyond

all possible bounds of decency, is atrocious, and is utterly intolerable in a civilized community.

59. As set forth above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, requests the following relief:

a. A finding that Defendant's conduct was intentional and caused Plaintiff emotional distress;

b. Entry of judgment in Plaintiff's favor and against Defendant for intentional infliction of emotional distress;

c. An award of actual damages; and

d. An award of punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: December 13, 2022     Respectfully Submitted,

**MARCIA BROWNLOW**

*/s/ Marwan R. Daher*
Marwan Rocco Daher, Esq.
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*